FILED
CLERK, U.S. DISTRICT COURT
7/12/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DTA___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OLUFUNMI NWAAMAKA OBAZE,<br>  aka "Amaka Obaze,"<br><br>    Defendant. | No. 2:23-cr-00341-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Money Laundering; 18 U.S.C. §§ 981(a)(1)(C) and 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

### COUNTS ONE THROUGH EIGHTEEN

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. From February 2020 through July 2021, defendant OLUFUNMI NWAAMAKA OBAZE, also known as "Amaka Obaze," was employed as the Director of Community at Company A, an entertainment marketing company located in Los Angeles and Burbank, California.

2.      As part of her duties, defendant OBAZE was given access to Company A's American Express accounts to purchase social media on Facebook and Instagram platforms for Company A's clients.  American Express's computer servers were located in Greensboro, North Carolina.

3.      To purportedly purchase social medial ads, defendant OBAZE opened a merchant account with Stripe Inc. ("Stripe"), a company that permits users to engage in online payment processing.  Defendant OBAZE linked the Stripe merchant account to her personal account at Wells Fargo Bank ("Wells Fargo").

B.      THE SCHEME TO DEFRAUD

4.      Beginning in or around May 2020, and continuing to in or around November 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant OBAZE, knowingly and with the intent to defraud, devised and executed a scheme to defraud and obtain money from Company A by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts in relation to an embezzlement scheme.

5.      In carrying out the scheme, defendant OBAZE engaged in the following fraudulent and deceptive acts, practices, and devices, among others:

   a.      Defendant OBAZE opened a Stripe merchant account in the name of Company A purportedly to fund internet marketing campaigns.  Defendant OBAZE listed her personal residence address and cellular telephone number as the points of contact.

   b.      Using this Stripe merchant account, defendant OBAZE purportedly charged legitimate marketing expenses to

2

Company A's American Express accounts.  When charging the American Express accounts through the Stripe merchant account, defendant OBAZE would attribute the charges to certain marketing campaigns for Company A's clients.

      c.   Instead of using the funds for legitimate business and marketing purposes, defendant OBAZE transferred the funds from the Stripe account to her personal bank account at Wells Fargo.  Defendant OBAZE used the funds for her own personal purposes, including lavish vacations, online trading, rent for a luxury apartment, and lease payments for a Mercedes-Benz.

      d.   To disguise the fraudulent charges, defendant OBAZE submitted false Facebook invoices to Company A and used descriptors falsely attributing the charges to Company A's legitimate clients.

      e.   After she resigned from Company A, defendant OBAZE continued to charge Company A's American Express account through the Stripe account and using the funds for her own personal purposes.

   6.   By devising and executing the fraudulent scheme, defendant OBAZE fraudulently obtained over $700,000 from Company A's American Express accounts.

C.   <u>THE USE OF INTERSTATE WIRES</u>

   7.   On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant OBAZE caused the transmission of the following by means of wire communication in interstate commerce:

3

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 7/2/2020 | $2,500 charge to American Express account ending in 45001 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| TWO | 7/6/2020 | $2,500 charge to American Express account ending in 45001 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| THREE | 7/9/2020 | $1,000 charge to American Express account ending in 45001 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| FOUR | 8/12/2020 | $2,750 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express Servers in Greensboro, North Carolina |
| FIVE | 9/9/2020 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| SIX | 11/28/2020 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| SEVEN | 12/7/2020 | $2,750 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| EIGHT | 1/25/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| NINE | 3/25/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TEN | 5/17/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| ELEVEN | 7/4/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| TWELVE | 8/8/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| THIRTEEN | 9/28/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| FOURTEEN | 9/30/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| FIFTEEN | 10/18/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| SIXTEEN | 10/24/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| SEVENTEEN | 11/2/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |
| EIGHTEEN | 11/4/2021 | $2,500 charge to American Express account ending in 72005 that traveled from Los Angeles, California through American Express servers in Greensboro, North Carolina |

COUNTS NINETEEN AND TWENTY

[18 U.S.C. § 1957]

8. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant OLUFUNMI NWAAMAKA OBAZE, also known as "Amaka Obaze," knowing that the funds involved represented the proceeds of some form of unlawful activity, knowingly engaged in the following monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | TRANSACTION |
| --- | --- | --- |
| NINETEEN | 1/26/2021 | $12,000 transfer from Defendant OBAZE's Wells Fargo Account to Morren and Poleon in Willemstad, Curaçao for a vacation home rental |
| TWENTY | 1/28/2021 | $16,500 transfer from Defendant OBAZE's Wells Fargo Account to Morren and Poleon in Willemstad, Curaçao for a vacation home rental |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Eighteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially

diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts Nineteen and Twenty of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

 (a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

 (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as

an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                        A TRUE BILL

                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office